(108 App. Div. 284.)

### BRIGHTSON v. H. B. CLAFLIN CO.

(Supreme Court, Appellate Division, First Department.   November 10, 1905.)

ACTION—NATURE—LEGAL OR EQUITABLE.

>   A complaint which alleges that a debtor deposited with his creditor shares of capital stock as collateral, that the creditor refused to sell the shares at the request of the debtor on his inability to pay the debt, but converted them and the dividends thereon, and which demands that the creditor be charged with the shares, that the amount of the dividends be ascertained, that the amount due on the indebtedness be determined, and which prays for judgment for the difference, states a cause of action at law, and not one in equity.

Appeal from Special Term, New York County.

Action by Susan D. Brightson against the H. B. Claflin Company. From an order denying a motion to strike the action from the equity calendar, defendant appeals.   Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. L. Wilkie, for appellant.
S. H. Stuart, for respondent.

PATTERSON, J.   This is an appeal from an order denying defendant's motion to strike the action from the equity calendar.   The plaintiff alleges that her assignor, George E. Brightson, was indebted to the defendant in the sum of $20,000 upon certain promissory notes, and that as collateral security therefor he deposited with the defendant 200 shares of the capital stock of the H. B. Claflin Company; that on the 20th of December, 1900, plaintiff's assignor notified defendant of his inability to pay the indebtedness and requested the defendant to sell the stock and pay such indebtedness out of the proceeds; that the defendant declined to sell the stock and wrongfully converted the same, together with the dividends thereon; and the plaintiff demands judgment that the defendant be charged with 200 shares of stock at a certain price, and that the amount of the dividends on such stock be determined, and that the amounts due on the notes be also determined, and that the plaintiff have judgment for the difference.   The answer, among other things, alleges that the plaintiff has a full, adequate, and complete remedy at law.

The appellant contends that the plaintiff, notwithstanding the accounting asked for, only seeks a money judgment, namely the difference between the value of the stock, plus the accrued dividends, and the face of the notes for which the stock was pledged. She does not ask for a redemption of the stock or a transfer thereof.

It is quite clear that there is no necessity for an accounting. The demand for an accounting inserted in the complaint does not change the real nature of the action. It is one for damages for conversion, and in the prayer for relief the method of ascertaining the damages is pointed out. The case on the pleadings is one for a jury.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.